IN THE COURT OF CRIMINAL APPEALS


OF TEXAS






NO. AP-74,877






EX PARTE JASON SCOTT WALKER, Applicant






ON APPLICATION FOR WRIT OF HABEAS CORPUS


FROM HARRIS COUNTY






Holcomb, J., filed a dissenting opinion which was joined by Price, J.




OPINION




 The question presented in this case is whether applicant, an inmate in state prison, is
statutorily entitled to time credit, toward his sentence, for 119 days he spent in the Harris
County Jail awaiting a space in a Substance Abuse Felony Punishment Facility (SAFPF). 
The majority holds that applicant is not statutorily entitled to time credit. I disagree.

 The record reflects the following relevant facts: On April 17, 2000, applicant pled
guilty in state district court to a charge of aggravated robbery. On June 16, 2000, the trial
court heard evidence and found that that evidence substantiated applicant's guilt. The trial
court deferred an actual finding of guilt, however, and placed applicant on community
supervision for seven years. The trial court's written conditions of applicant's community
supervision included one condition, condition number fifteeen, that read as follows:

 You are committed to the HCCS&CD Boot Camp beginning JUNE 16, 2000
OR WHEN SPACE IS AVAILABLE. Remain in this facility under custodial
supervision and comply with all program rules, regulations, contracts and
guidelines of the facility until successfully discharged or released by further
order of the Court. Remain in the Harris County Jail until space is available
in Boot Camp. Report to COURT FOR REVIEW if you are found to be
medically or psychologically unfit for participation.


(All underlining, bolding, etc., in original.) At the bottom of each page of the written
conditions of community supervision was the phrase, "RELEASE ONLY TO BOOT
CAMP."

 On July 11, 2000, applicant was released from the Harris County Jail and entered the
"boot camp." On July 25, 2000, the trial court amended its written conditions of applicant's
community supervision, deleted condition number fifteen quoted above, and substituted the
following condition therefor:

 Participate in the Substance Abuse Felony Punishment Facility (SAFPF)
beginning JULY 25, 2000 OR WHEN SPACE IS AVAILABLE. You are to
remain in the Substance Abuse and Felony Punishment Facility (SAFPF)
established in Section 493.009, Government Code, and operated by the
Community Justice Assistance Division of the Texas Department of Criminal
Justice for a term of not less than six (6) months or more than one (1) year,
beginning JULY 25, 2000 OR WHEN SPACE IS AVAILABLE. The
defendant shall comply with all rules, regulations, and treatment programs and
upon release, the defendant is required to participate in a drug or alcohol abuse
continuum of care treatment plan as developed by the Texas Commission on
Alcohol and Drug Abuse (TCADA), abiding by all rules and regulations of
said treatment plan until discharged by the Court. 


(All underlining, bolding, etc., in original.) Unlike the written condition of community
supervision that it replaced, the substituted condition said nothing about applicant remaining
in the Harris County Jail until a space opened up in the SAFPF. At the bottom of each page
of the amended written conditions of community supervision, though, was the phrase,
"RELEASE ONLY TO SAFPF."

 On July 26, 2000, applicant was released from the boot camp and returned to the
Harris County Jail. On November 21, 2000, he was released from the Harris County Jail and
entered the SAFPF. On August 23, 2001, he was released from the SAFPF. On January 25,
2002, the State filed a motion to revoke applicant's community supervision and to adjudicate
his guilt. On February 15, 2002, the trial court revoked applicant's community supervision,
adjudicated his guilt, and assessed his punishment at imprisonment for five years.

 On May 6, 2002, applicant filed a "Time Credit Dispute Resolution Form" with the
relevant prison authorities, seeking time credit toward his sentence for the 119 days he had
spent in the Harris County Jail awaiting a space in the SAFPF. On August 30, 2002, the
prison authorities responded that he was not entitled to time credit for the time period in
question. On May 12, 2003, applicant filed an application for habeas corpus relief in the trial
court.

 Article 42.03, § 2(a), of the Texas Code of Criminal Procedure states:

 In all criminal cases the judge of the court in which the defendant was
convicted shall give the defendant credit on his sentence for the time that the
defendant has spent in jail in said cause, other than confinement served as a
condition of community supervision, from the time of his arrest and
confinement until his sentence by the trial court.


In my view, the plain language of this statute requires that applicant be given time credit for
the 119 days in question, because the actual amended written conditions of his community
supervision did not state that he was to remain in the Harris County Jail until a space opened
up in the SAFPF. The amended conditions could have so stated, as the original conditions
had stated that applicant was to remain in the jail until a space opened up in the boot camp,
but they did not. Remaining in the Harris County Jail until a space opened up in the SAFPF
was not a stated written condition of applicant's community supervision.

 Because the majority refuses to grant the requested relief, I respectfully dissent.


FILED DECEMBER 1, 2004.

PUBLISH